■ In the Matter of LONNY HALE, Petitioner, v MICHAEL J. HOBLOCK, JR., as Chair of the New York State Racing and Wagering Board, et al., Respondents. [717 NYS2d 158] —Determination of respondent New York State Racing and Wagering Board, dated September 7, 1999, which suspended petitioner's harness racing license for 30 days, upon a finding that he violated 9 NYCRR 4120.6 (a) (1), prohibiting persons other than veterinarians from having or possessing hypodermic injection devices on the premises of a licensed harness race track, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Madden, J.], entered on or about December 17, 1999), dismissed, without costs.

Respondent's determination is supported by substantial evidence. The high burden of proof applicable in criminal cases of "possession" is inapplicable here, where the pertinent regula-

tion speaks in broader terms of "have or possess." No basis exists to disturb any of the Hearing Officer's credibility determinations. The findings that the syringes with attached needles discovered in petitioner's tack trunk and in a box of soap pads in his tack room belonged to petitioner, and were not left there by someone who had entered petitioner's barn area is supported by substantial evidence in the record. Concerning the syringe without an attached needle found in petitioner's jacket pocket, the unrefuted testimony belies petitioner's assertion that respondent never punishes the possession of such a syringe, and demonstrated that a needle could easily have been attached. No basis exists to disturb this finding, rejecting petitioner's testimony that he used this "dose syringe" to administer authorized oral medications to horses on his farm, and that he absent-mindedly took the syringe with him to the track. Although the track's management, in apparent violation of a rule requiring it take "all practicable measures" to prevent unlicenced persons from entering the stable and certain other areas of the raceway (9 NYCRR 4101.24 [j]), failed to completely fence in the track, thus allowing unauthorized members of the public to enter the stable area, no basis exists to disturb respondent's finding that any such violation did not excuse petitioner of his obligation to secure his own tack room and tack boxes, which petitioner conceded he deliberately decided not to lock. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.